**FILED**
**November 26, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-941** (Ohio County 15-F-78 MJO)

**Duane Leroy Eckard,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Duane Leroy Eckard appeals the Circuit Court of Ohio County's July 20, 2022, order denying his "Motion to Modify" the portion of his sentencing order ordering the repayment of court costs.[1] The petitioner alleges that the circuit court erred in denying his request for a stay, due to financial hardship, in court cost payments while in prison. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

On August 4, 2016, the petitioner entered an *Alford*/*Kennedy* plea to a charge of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child.[2] He was sentenced to not less than ten nor more than twenty years of imprisonment, fifty years of supervised release, and mandatory lifetime registration as a sex offender. Additionally, the circuit court assigned "responsibil[ity] for all court costs imposed in these proceedings" to the petitioner. The costs were comprised of fees for the court clerks, magistrate, prosecutor, sheriff, and other miscellaneous expenses.

While imprisoned, the petitioner earned $31 a month as a janitor at the facility.[3] The prison gave the petitioner written notice that "on or about the 10[th] day of August 2020 deductions from

---

[1] The petitioner is self-represented. The respondent appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

[2] *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."); *see also North Carolina v. Alford*, 400 U.S. 25 (1970).

[3] The petitioner also represents that he earned $35 a month. It is unclear which figure is accurate.

1

your account will commence. Deductions will be based upon 40% of your earnings." The notice indicated that the petitioner owed $822 in court costs. The petitioner subsequently filed a "Motion to Modify" in the circuit court asking the court to "remove its ORDER to repay court fees & costs . . . and issue a new ORDER deferring payment upon (30) days of his release." On July 20, 2022, after "review of the *Motion* and the case file," the circuit court issued an order denying the petitioner's motion and ruling that the "[d]efendant has not shown that he cannot pay his outstanding court costs, fines, and fees without undue hardship as he has money left over after expenses each month." It is from this order that the petitioner appeals.

This Court "reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 8, in part, *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)).

The petitioner argues that it was error for the circuit court to deny his request to revise its sentencing order. Specifically, the petitioner alleges that the forty percent deduction for repayment of court costs subjects him to undue financial hardship because it leaves him with only $2.43 at the end of each month.[4] The petitioner cites West Virginia Code § 29-21-16(g)(2)-(4) and cases applying that statute as well as the Victim Protection Act of 1984[5] and cases addressing restitution under that Act in support of his contention that incarcerated indigents cannot be required to pay court costs. He also claims that the circuit court erred under West Virginia Code § 29-21-16 by not affording him a hearing to determine his financial ability to pay the ordered costs.

Chapter 29, Article 21 of the West Virginia Code is titled "Public Defender Services," and West Virginia Code § 29-21-4 provides that "[t]he agency shall have as its principal purpose the development and improvement of programs by which the state provides legal representation to indigent persons." Further, West Virginia Code § 29-21-16(g) specifies that "[i]n the circumstances and manner set forth below, circuit judges may order repayment to the state, through the office of the clerk of the circuit court having jurisdiction over the proceedings, *of the costs of representation provided under this article*." (Emphasis added.) Thus, the statute cited by the petitioner applies to the payment of costs associated with public defender representation. *See State v. Douglas L.*, No. 16-1202, 2018 WL 317315, *3 (W. Va. Jan. 8, 2018) (memorandum decision) ("West Virginia Code § 29-21-16(g) applies only to the costs of representation from West Virginia Public Defender Services and not to repayment of general circuit court imposed fines, fees, and costs."). Here, the circuit court did not assess costs for representation by a public defender but, rather, assessed costs associated with the administration portion of the court proceedings. For this reason, the provisions of West Virginia Code § 29-21-16(g)(2)-(4) and caselaw interpreting that statute cited by the petitioner do not apply and, therefore, fail to demonstrate his entitlement to a hearing or error in the court's ruling below.

---

[4] The petitioner does not explain how deducting forty percent of his income from his $31 of pay leaves only $2.43.

[5] *See* W. Va. Code §§ 61-11A-1 through -9.

Similarly, authority addressing restitution under the Victim Protection Act of 1984 is unavailing because the petitioner was not ordered to pay restitution. Ultimately, we observe that the circuit court specifically noted that it reviewed the case file and the petitioner's motion and found that the petitioner had money left over at the end of each month after the deduction for payment of court costs, thereby dispelling the petitioner's claimed financial hardship. Therefore, we find no abuse of discretion in the circuit court's denial of the petitioner's motion to modify the sentencing order.

For the reasons stated above, this Court affirms the July 20, 2022, order of the Circuit Court of Ohio County.

Affirmed.

**ISSUED:** November 26, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooten
Justice C. Haley Bunn